John F. Haffey
Mitchell J. Vap
HAFFEY VAP PLLC
100 Ryman St., Suite 100
PO Box 1988
Missoula, MT  59806
Phone: (406) 493-1617
Facsimile: (406) 493-1196
John@haffeyvap.com
Mitch@haffeyvap.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>WOODY'S TRUCKING LLC., and DONALD E. WOOD, JR.,<br><br>Defendants. | Cause No._____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

  Plaintiff GREAT WEST CASUALTY COMPANY, by its counsel, HAFFEY & VAP PLLC, submits its Complaint for Declaratory Judgment under 28 U.S.C. § 2201 and Montana Code Annotated §§ 27-8-201, et. seq., as follows:

COMPLAINT FOR DECLARATORY JUDGMENT                             1

## PARTIES

1. Plaintiff Great West Casualty Company ("Great West") is an insurance company organized under the laws of Nebraska, with its principal place of business in South Sioux City, Nebraska, and is licensed to issue policies of insurance in the state of Montana.

2. Defendant Woody's Trucking LLC ("Woody's") is in the transportation business and is organized under the laws of Montana. On information and belief, its principal place of business is at 602 S. 5th Street West, Baker, Montana.

3. Upon information and belief, Defendant Donald E. Wood, Jr., is a citizen of Montana.

## VENUE AND JURISDICTION

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the underlying Criminal Action is pending in the United States District Court for the District of Montana, Billings Division, CR 17-138-BLG-SPW; the insurance policies at issue in this declaratory judgment action were issued in the State of Montana; the Defendants reside in Montana. The contracts and obligations at issue in this case must be interpreted under Montana law.

5. Subject matter jurisdiction is based on 28 U.S.C. § 1332. This action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

6. Subject matter jurisdiction is alternatively based upon the Declaratory Judgment Act, 28 U.S.C. § 2201 (a).

## **FACTUAL ALLEGATIONS**

7. On or about November 16, 2017, the federal government indicted Woody's Trucking LLC and Donald E. Wood, Jr., in the United States District Court for the District of Montana, Billings Division which is known as *United States of America vs. Woody's Trucking LLC and Donald E. Wood, Jr.*, CR 17-138-BLG-SPW.  A true and correct copy of the indictment is attached as **Exhibit A.**

8. The indictment consists of 14 counts: one count of conspiracy, three counts of wire fraud, one count of mail fraud, four counts of transportation of hazardous materials without placards, four counts of transportation of hazardous materials without proper shipping papers, and one count of obstruction of justice.

9. As to the wire and mail fraud counts the government seeks forfeiture of "any property, real and personal, which constitutes and is derived from proceeds traceable to the offense.

10. As to the conspiracy count, the government is seeking penalties of five years imprisonment, $250,000 fine and three years of supervised release.

11. The counts for wire and mail fraud and obstruction of justice seek penalties of 20 years imprisonment, $250,000 fine and three years of supervised release.

12. The counts for transportation of hazardous materials without placards and transportation of hazardous materials without proper shipping papers seek penalties of five years imprisonment, $250,000 fine and three years of supervised release.

13. Additionally, the government charges the defendants with knowingly defrauding Great West and making or causing false representations to be made to Great West, among other things.

14. At all relevant times, Woody's had a Commercial Lines Policy which Great West issued and which had a Commercial Auto Coverage Part Montana Motor Carrier Coverage Form as well as a Commercial Inland Marine Coverage Part Cargo Coverage – Broad Form, Policy Number GWP 252831 (the "Policy").  A true and correct copy of the Policy is attached as **Exhibit B**.

15. The first named insured on the Policy is Woody's Trucking LLC.

16. Donald E. Wood, Jr. is not named as an Insured or an Additional Insured on the Policy.

17. Woody's has made a claim with Great West under the Policy to defend it in the criminal action currently pending in the Federal District for the District of Montana, Billings Division, which is known as *United States of America vs. Woody's Trucking LLC and Donald E. Wood, Jr.*, CR 17-138-BLG-SPW.

## COUNT I

18. Plaintiff repeats and re-alleges Paragraphs 1 - 17 as though fully set forth in Paragraph 18.

19. The Policy contains a Commercial Auto Coverage Part Montana Motor Carrier Coverage Form.  Coverage under this form provides in relevant part:

> A. Coverage
>
> We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or used of a covered 'auto'.
>
> . . .

We have the right and duty to defend any 'insured' against a 'suit' asking for such damages. . .However, we have no duty to defend any insured against a 'suit' seeking damages for 'bodily injury' or 'property damage'. . .to which this insurance does not apply. . . .

20. The Policy defines "Suit" as "a civil proceeding in which: 1. Damages because of 'bodily injury' or 'property damage'; . . .to which this insurance applies, are alleged.

21. A criminal indictment is not a "suit" under the Policy as it is not a civil proceeding.

22. The criminal indictment does not seek damages for "bodily injury" or "property damage." Instead it seeks penalties; namely, fines and/or imprisonment, and forfeiture of property.

WHEREFORE, Plaintiff GREAT WEST CASUALTY COMPANY, respectfully requests this Court find and declare:

    A. That for the reasons set forth above Great West has no duty to defend or indemnify Woody's Trucking LLC under the Commercial Auto Coverage Part Montana Motor Carrier Coverage Form of the Policy.

    B. For Great West's costs of suit and attorney's fees pursuant to Mont. Code Ann. § 27-8-311.

    C. Great West be granted such further and additional relief as the Court deems just and equitable.

## COUNT II

23. Plaintiff repeats and re-alleges Paragraphs 1-22 as though fully set forth in Paragraph 23.

24. The Commercial Inland Marine Coverage Part Cargo Coverage – Broad Form provides in relevant part:

    A. Broad Form Coverage

1. Coverage

    We will pay all sums you must pay because of 'loss' to 'covered property' while in your custody or control in the ordinary course of transit for which you are legally liable as a 'trucker' under a Bill of Lading or Shipping Receipt.

    We have the right and duty to defend any insured against a 'suit' asking payment for such 'loss.' However, we have no duty to defend any insured against a 'suit' seeking payment for 'loss' to which this insurance does not apply. We may investigate and settle any claim or 'suit' as we consider appropriate. . . .

25. Exclusions under the Commercial Inland Marine Coverage Part Cargo Coverage – Broad Form provides in relevant part:

    B. Exclusions

    . . .

    We will not pay for a 'loss' caused by or resulting from any of the following:

    . . .

    12. Infidelity or dishonesty, or both, or any criminal act by you or any person or persons in your service or employ whether or not such acts occurred during regular hours of service or employment.

26. The Commercial Inland Marine Coverage Part Cargo Coverage – Broad Form defines "Suit" to mean "a civil proceeding in which 'loss' to 'covered property' is alleged. . . "

27. The Commercial Inland Marine Coverage Part Cargo Coverage – Broad Form defines "Loss" as meaning "accidental damage or 'loss'."

28. The Commercial Inland Marine Coverage Part Cargo Coverage – Broad Form contains a criminal act exclusion which precludes coverage for the criminal indictment filed against Woody's in the Federal District for the District of Montana, Billings Division, known as *United States of America vs. Woody's Trucking LLC and Donald E. Wood, Jr.*, CR 17-138-BLG-SPW.

29. The criminal indictment filed against Woody's in the Federal District for the District of Montana, Billings Division which is known as *United States of America vs. Woody's Trucking LLC and Donald E. Wood, Jr.*, CR 17-138-BLG-SPW is not a "Suit" as defined in the Commercial Inland Marine Coverage Part Cargo Coverage – Broad Form of the Policy.

WHEREFORE, Plaintiff GREAT WEST CASUALTY COMPANY, respectfully requests this Court find and declare:

   A. That for the reasons set forth above Great West has no duty to defend or indemnify Woody's Trucking LLC under the Commercial Inland Marine Coverage Part Cargo Coverage – Broad Form of the Policy.

   B. For Great West's costs of suit and attorney's fees pursuant to Mont. Code Ann. § 27-8-311.

   C. That Great West be granted such further and additional relief as the Court deems just and equitable.

## COUNT III

30. Plaintiff repeats and re-alleges Paragraphs 1-29 as though fully set forth in Paragraph 30.

31. Neither the Commercial Auto Coverage Part Montana Motor Carrier Coverage Form nor the Commercial Inland Marine Coverage Part Cargo Coverage – Broad Form of the Policy names Donald E. Wood Jr. as an Insured or Additional Insured.

WHEREFORE, Plaintiff GREAT WEST CASUALTY COMPANY, respectfully requests this Court find and declare:

A. That for the reasons set forth above, Great West has no duty to defend or indemnify Donald E. Wood Jr.

B. For Great West's costs of suit and attorney's fees pursuant to Mont. Code Ann. § 27-8-311.

C. That Great West be granted such further and additional relief as the Court deems just and equitable.

DATED this 5th day of February, 2018.

/s/ John. F. Haffey
_____
John F. Haffey
HAFFEY VAP PLLC
*Attorneys for Plaintiff*